5 F.3d 532
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Harvey A. LEWIS, Appellant,
v.
CRAIN INDUSTRIES, INC., Appellee.
 No. 93-1313.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 4, 1993.
Filed: September 23, 1993.
 
 Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Harvey A. Lewis appeals from the final judgment entered in this diversity action in the United States District Court[1] for the Western District of Arkansas, granting defendant Crain Industries, Inc., judgment as a matter of law on Lewis's breach of contract claim, and judgment upon a jury verdict for defendant on Lewis's false imprisonment claim. For reversal, Lewis argues that there was sufficient evidence to submit the breach-of-contract claim to the jury and that the district court's false imprisonment instruction was an incomplete statement of the law. For the reasons discussed below, we affirm.
 
 
 2
 Lewis, a data processing manager, testified that during his interview with the controller for a position at Crain Industries, the controller's secretary handed him a booklet entitled, "Welcome to Crain Southwest" so that he could have some information about the company. Lewis stated that he relied on the portions dealing with work rules and disciplinary procedures. He then wrote an employment agreement, agreeing "to abide by all standard employee regulations," but he did not repeat what was in the employee handbook. He stated that he specifically relied on the provisions that required two warnings before an employee could be terminated. Lewis acknowledged that there was no exact statement in the employee handbook that he could only be discharged for cause or specify how long he would be employed. The controller signed the agreement in behalf of Crain Industries.
 
 
 3
 Lewis stated that on January 3, 1991, the controller and the personnel manager entered his office and notified him that he was being terminated for unsatisfactory performance. He was then instructed to stay away from the keyboard and not to do or touch anything; Lewis was not allowed to leave the room or use the telephone. As many as five or six people entered his office or stood by his door. Lewis stated that it did not appear that he could leave the office without a fight, if at all. He complied with their request for his master passwords to the computer security system, and then was told to gather his personal belongings. The people stayed in his office for thirty or forty minutes. He felt restrained because three or four people were between him and the door. No one stood in his way when he left.
 
 
 4
 The district court granted judgment as a matter of law to Crain Industries on Lewis's breach of contract claim, concluding that under Arkansas law, the only recognized exceptions to the state's employment-at-will doctrine-an express provision in the employer's employment manual stating that the employee could be dismissed only for cause or an agreement that the employment was for a specified time-were inapplicable in this case because there were no such provisions in the employment contract. Moreover, Lewis did not prove that his termination fell within the public policy exception to the employment-at-will doctrine, or that his termination was based on one of the enumerated "promises or assurances" which should be enforced, under an exception set forth in Crain Indus., Inc. v. Cass, 810 S.W.2d 910 (Ark. 1991).
 
 
 5
 After Crain Industries presented its evidence in defense of the false imprisonment claim, the district court denied Crain Industries's renewed motion for judgment as a matter of law on the false imprisonment claim. Lewis objected to the false imprisonment instructions on the ground that the instructions set out more requirements than necessary under Arkansas law, and omitted a provision that Lewis did not have to undertake any unreasonable risk to leave the area. Lewis then tendered alternate instructions on the definition of false imprisonment. The district court rejected Lewis's instructions. During deliberations, the district court gave the jury, at their request, the instruction containing the list of the six elements of false imprisonment. The jury then returned a verdict for Crain Industries.
 
 
 6
 On appeal Lewis argues that the district court erred in granting judgment as a matter of law on the breach-of-contract claim because the employment handbook contained an enforceable promise to comply with procedures for discharging employees, including a series of warnings preceding termination, and because there was a sufficient factual basis to submit the issue to the jury. Lewis argues that the district court erred in limiting to its facts Cass, 810 S.W.2d at 914, where the Arkansas Supreme Court stated with respect to a seniority provision in an employee handbook that "when an employer makes definite statements about what its conduct will be, an employee has a contractual right to expect the employer to perform as promised."
 
 
 7
 Lewis argues that the district court erred in giving the jury instruction on false imprisonment by reciting verbatim only paragraphs one and three from the Restatement (Second) of Torts Sec. 36 (1965). Lewis argues that paragraph three refers to inapplicable situations, like the blocking of a highway, see Restatement (Second) of Torts Sec. 36 cmt. d (1965), and that omitting paragraph two was prejudicial error because the jury should have been told that Lewis was not required to run the risk of harm to himself in order to escape.
 
 
 8
 In diversity actions, we review de novo a district court's determination of state law. Salve Regina College v. Russell, 111 S. Ct. 1217, 1221 (1991). We may affirm the grant of a motion under Fed. R. Civ. P. 50 where the evidence is such that, without weighing the credibility of the witnesses, there can be but one reasonable conclusion as to the outcome. See Caudill v. Farmland Indus., Inc., 919 F.2d 83, 86 (8th Cir. 1990); Fed. R. Civ. P. 50.
 
 
 9
 Arkansas is an employment-at-will state. The Arkansas Supreme Court has carved out very few exceptions: where there is an agreement that the employment is for a specified time or where an employer's employment manual contains an express provision stating that the employee will be dismissed only for cause. Mertyris v. P. A.M. Transport, Inc., 832 S.W.2d 823, 825 (Ark. 1992). In addition to a public policy exception, the Arkansas Supreme Court has recognized that where an employment handbook contains a definite statement about an employer's conduct, i.e., an express provision for layoffs on the basis of seniority, such promises will be enforceable. See Cass, 810 S.W.2d at 914. Implied provisions in employment handbooks are insufficient to create an exception to at-will employment, Gladden v. Arkansas Children's Hosp., 728 S.W.2d 501, 505 (Ark. 1987), and a partial list, in a manual, of conduct leading to automatic termination will not constitute an implied promise by an employer not to dismiss for other reasons, Mertyris, 832 S.W.2d at 825.
 
 
 10
 Lewis admitted at trial that the employment manual did not expressly provide for dismissal only for cause or provide for a specified term of employment. In addition, Lewis's contention that under the employment handbook he was entitled to two warnings before being fired for violating work rules, is without merit. Even assuming those provisions applied to Lewis, there was no evidence that Lewis was terminated for violating work rules or that such provisions created an exception to at-will employment. Thus, under Arkansas law, Lewis did not present sufficient evidence to prove that his employment was protected under an exception to the employment-at-will doctrine, and the court did not err in granting the motion for judgment as a matter of law. See Fed. R. Civ. P. 50.
 
 
 11
 In reviewing challenges to a jury instruction, we must read the instruction " 'as a whole and consider[ ] in light of the entire charge' "; the charge must "state the 'governing law fairly and correctly' "; and instructions which are " 'technically imperfect or are not a model of clarity does not render the charge erroneous.' " Crimm v. Missouri Pacific R.R. Co., 750 F.2d 703, 711 (8th Cir. 1984) (quoted cases omitted).
 
 
 12
 Unless a party distinctly states the nature of its objection to an instruction, as required under Fed. R. Civ. P. 51, we are limited to reviewing the instruction under the plain error standard. Tinnon v. Burlington N. R.R. Co., 898 F.2d 1340, 1343 (8th Cir.), cert. denied, 498 U.S. 899 (1990). Plain error occurs when the error so seriously affects the fairness or integrity of the trial that it produces a miscarriage of justice. Jones v. Board. of Police Comm'rs, 844 F.2d 500, 504 (8th Cir. 1988), cert. denied, 490 U.S. 1092 (1989).
 
 
 13
 Upon review, we conclude that Lewis's objection was not specific enough for the district court to understand the nature of the objection. Lewis did not supply an alternate jury instruction incorporating paragraph 2 and deleting paragraph 3 of Restatement Sec. 36, and he did not provide a further explanatory instruction stating that he did not have to undertake an unreasonable risk to leave his office. Accordingly, we may review only for plain error.
 
 
 14
 Even if the omission of portions of the Restatement section was error, we conclude that any omission did not amount to plain error, in light of the instructions as a whole. The instructions contained the six elements of false imprisonment, on which the jury appears to have focused, and also provided that the confinement could be by actual or apparent physical barriers.
 
 
 15
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas